```
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------
                                              :
TERRENCE MONTGOMERY, et al.,                  :
                                              :    CASE NO. 1:15-mc-00067
                Petitioners,                  :
                                              :
v.                                            :    OPINION & ORDER
                                              :    [Resolving Doc. 1]
JASON BERMAN,                                 :
                                              :
                Respondent.                   :
-------------------------------------------------------
```

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Petitioners Terrence Montgomery and Robert Broberg move the Court to compel the deposition testimony of Respondent Jason Berman, a non-party to the underlying litigation in the Minnesota District Court.[1] Plaintiffs also seek the production of responsive documents from Berman's company, Data By Innovative Marketing Group LLC ("Data").[2] For the following reasons, the Court **GRANTS** Petitioners' motion to compel.

This discovery dispute is part of a larger litigation in which Petitioners bring Fair Credit Reporting Act ("FCRA") claims against credit reporting agencies.[3] Petitioners allege that the underlying litigation defendants impermissibly used Petitioner's consumer credit reports.[4]

Through discovery, Plaintiffs learned that Respondent Berman, operating as Data, bought and sold Plaintiffs' credit reports. In order to develop their FCRA claims, Plaintiffs sought information about who bought the credit reports from Data.

---

[1] Doc. 9-1 (Docket for *Terrence Montgomery et al. v. Experian et al.*, Case No. 13-cv-02798 (D. Minn.)).

[2] Doc. 1. Respondent opposes. Doc. 6. Experian Information Solutions, Inc. and Datamyx, LLC—interested parties to this miscellaneous action and named defendants in the underlying litigation—also filed oppositions to Plaintiffs' motion. Docs. 9, 10.

[3] 15 U.S.C. § 1681 *et seq.*

[4] Doc. 1-7 at 29–31.

Case No. 1:15-mc-00067
Gwin, J.

On August 10, 2015, Petitioners served Respondent Berman with a subpoena at his home in Avon, Ohio.[5] The subpoena compelled Respondent Berman to give deposition testimony in Ohio. The parties moved the deposition to the Southern District of Florida for Respondent's convenience.

At the deposition, Respondent Berman's attorneys advised Respondent not to answer any questions regarding Data's customers. This included questions about purchasers of Petitioners' credit reports.[6] Plaintiffs' attorney concluded the deposition without getting answers to those questions.

On September 10, 2015, the day of the Florida deposition, Petitioners subpoenaed Respondent's documents regarding Data's sales of Petitioner's credit reports.[7] Respondent provided some documents but did not provide documents for all requested transactions.

Petitioners move the Court to compel Respondent Berman's testimony regarding Data's sales of Petitioners' credit reports and request a continuation of the deposition. Petitioners also move the Court to compel the production of documents responsive to the September 10th subpoena, or in the alternative, to order Respondent to provide a detailed affidavit explaining why Respondent is unable to find the responsive documents.

Parties may obtain discovery regarding any matter, not privileged, that is relevant to the subject matter involved in the pending action.[8] The information Plaintiffs seek in their subpoenas is relevant to their FCRA impermissible use claims. Respondent has made no showing that the information is privileged. The Court has considered Respondent's arguments against granting Plaintiffs' motion and against disclosing Data's customer information. These arguments lose.

---

[5] Doc. 1-18.
[6] Doc. 1-1 at 9–12.
[7] Doc. 1-21.
[8] Fed R. Civ. P. 26(b)(1).

Case No. 1:15-mc-00067
Gwin, J.

Therefore, the Court **COMPELS** Respondent's deposition testimony on the subjects covered by the subpoena. The deposition shall take place within ten days of the filing of this Opinion. The deposition is limited to one hour of questioning by telephone. Counsel for Respondent may object to questions on the record but may not instruct Respondent not to answer questions regarding Data's customers for Petitioners' credit reports.

Regarding Data's documents, Petitioners seem to be satisfied with an affidavit from Respondent explaining why Respondent is unable to find and produce the remaining responsive documents. Therefore, the Court **ORDERS** that Respondent file a detailed affidavit describing the search queries used to try and find the missing documents and the reasons Respondent is not able to find those documents within ten days of the filing of this Opinion. In the alternative, the Court **COMPELS** the production of the missing documents within ten days of the filing of this Opinion.

For the foregoing reasons, the Court **GRANTS** Petitioners' motion to compel consistent with this opinion.

IT IS SO ORDERED.

Dated: November 17, 2015          s/        *James S. Gwin*
                                  JAMES S. GWIN
                                  UNITED STATES DISTRICT JUDGE